UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CARVALHO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-cv-10723-PBS |
| ) | |
| JPMORGAN CHASE BANK, N.A. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, hereby submits this Memorandum of Law in Support of its Motion for Summary Judgment.

**INTRODUCTION**

As the plaintiff, Michael Carvalho, (the "Plaintiff") was exiting bankruptcy, he was able to obtain a loan modification from Chase on an investment property. The modification was executed in April of 2014, and gave Plaintiff a lower monthly payment. Almost immediately, Plaintiff defaulted on the modified loan. Indeed, by July of 2015, Plaintiff had completely stopped making payments on his loan.

Rather than cure his default to avoid potential foreclosure, Plaintiff chose to bring this lawsuit. The crux of Plaintiff's claims is that after Plaintiff failed to make payments on his loan, Chase abruptly "cancelled" the mortgage loan. This allegation not only defies logic, but it is entirely unsupported by the record. Plaintiff also claims that an assignment of the mortgage is invalid, citing to a non-existent statute in support of his claim. Because Plaintiff's claims are

unsupported by any significantly probative evidence or established law, Chase is entitled to summary judgment.

## UNDISPUTED MATERIAL FACTS

Chase, pursuant to Local Rule 56.1, hereby refers to its Concise Statement of Material Facts in Support of its Motion for Summary Judgment ("Facts ¶ __") filed herewith.[1]

In 1999, Plaintiff purchased the real property located at 279 Fairview Avenue, Rehoboth, MA (the "Property"). Facts ¶ 1. Approximately four years later, Plaintiff executed a note (the "Note") on October 22, 2003 in favor of First Horizon Home Loan Corporation ("First Horizon") in the amount of $167,925.00. Facts ¶ 2. To secure the Note, Carvalho granted a mortgage (the "Mortgage") on the Property. Facts ¶ 3. The Mortgage was recorded in the Northern Bristol County Registry of Deeds at Book 12952, Page 290. Facts ¶ 3.

On February 28, 2009, the Mortgage was assigned to MetLife Home Loans, a Division of Metlife Bank, N.A. ("MetLife"). Facts ¶ 4. The 2009 assignment to MetLife was recorded at the Northern Bristol Registry of Deeds at Book 18042, Page 11. Facts ¶ 4. On March 13, 2013, MetLife assigned the Mortgage to JPMorgan Chase Bank, N.A. ("2013 Assignment"). Facts ¶ 5. The 2103 Assignment was recorded in the Northern Bristol County Registry of Deeds at Book 2110, Page 73. Facts ¶ 5. Also in March 2013, Chase assumed responsibility for servicing the Mortgage. Facts ¶ 6. Chase continues to service the Mortgage and is the holder of the Mortgage and the Note. Facts ¶ 6. Federal National Mortgage Association is the Owner of the Note. Facts ¶ 7.

On December 22, 2009, Plaintiff filed a voluntary petition for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Massachusetts. Facts ¶ 8. In October 2013, Carvalho submitted a request for mortgage assistance ("2013 Request for Mortgage

---

[1] All capitalized terms in Chase's Concise Statement of Material Facts shall be incorporated herein.

Assistance"). Facts ¶ 9. On April 10, 2014, Plaintiff executed a loan modification agreement (the "2014 Loan Modification"). Facts ¶ 10. The 2014 Loan Modification was recorded in the Bristol County Registry of Deeds on April 28, 2014 at Book 21648, Page 37. Facts ¶ 10. Plaintiff's Bankruptcy case was dismissed shortly after the 2014 Loan Modification was executed. Facts ¶ 8.

The 2014 Loan Modification provided Plaintiff with a lower monthly payment and a longer amortization period. Facts ¶ 10. The 2014 Loan Modification references the original Note and the Mortgage, and Plaintiff acknowledged the debt owed and the Mortgage as the security interest securing the debt. *Id.* In exchange for the more favorable terms of the modified loan, Plaintiff promised to make monthly payments of principal and interest beginning on the first day of May, 2014 and to continue making payments until the loan is paid in full. *Id.*

Although the 2014 Loan Modification called for Plaintiff to make monthly payments on the mortgage loan, Plaintiff failed to make timely payments. Facts ¶¶ 11, 12. Almost immediately, Plaintiff defaulted on the modified Loan, failing to make payments in June, July, September, and August of 2014. *Id.* In response to his missed payments, Chase sent Plaintiff a letter on June 5, 2014 to advise him that his Loan is past due. Facts ¶ 13.

On or about October 5, 2014, Plaintiff submitted a request for mortgage assistance ("2014 Request for Mortgage Assistance"). Facts ¶ 14. Plaintiff also sent Chase a letter dated October 20, 2014 (the "Hardship Letter") wherein he requested another loan modification with a lower interest rate and to be forgiven for "the delinquent payments." Facts ¶ 15. In the Hardship Letter, Plaintiff acknowledged that he "[fell] behind on [his] mortgage payments," and suggested that a new loan modification would allow him to "get caught up and prevent future delinquency." *Id.* Plaintiff explained that he had "hit hard times . . . and fell behind on [his] payments . . . ." *Id.*

3

Plaintiff continued to miss payments and then in July of 2015, he stopped making payments altogether and then began to "question [Chase's] claim to enforce [his] note and mortgage." Facts ¶ 16. The Mortgage Loan remained in default, and eventually on June 1, 2016, Chase sent Plaintiff an Acceleration Warning (Notice of Intent to Foreclose) ("2016 Acceleration Warning") letter advising Plaintiff that his mortgage is past due. Facts ¶ 17. Ultimately, when Plaintiff failed to cure the default, Chase held a foreclosure auction on May 29, 2018. Facts ¶ 20. On July 20, 2018, a Foreclosure Deed was recorded in the Norther Bristol County Registry of Deeds at Book 24567, Page 334. Facts ¶ 21. By virtue of the Foreclosure Deed, Hanscom Federal Credit Union is presently the title owner of the Property. Facts ¶ 21.

Ultimately, Plaintiff filed this lawsuit against Chase. In his verified complaint, he claims that he made his mortgage payments "on time and as agreed through July 2015." *Complaint* at 15. Plaintiff claims that in July of 2015, Chase "cancelled" his 2014 Loan Modification. *Id*. Chase has no record of this loan being "cancelled" and Plaintiff has failed to produce any substantive proof that his loan was ever cancelled. Facts ¶ 25. Indeed, Plaintiff cannot even offer a consistent timeframe regarding when Chase allegedly "cancelled" the loan, giving different years of this even in his verified complaint and at his deposition. Facts ¶¶ 23, 24.

## **PROCEDURAL HISTORY**

On March 24, 2017, Plaintiff filed his Verified Complaint in the Massachusetts Superior Court sitting in Bristol County. Chase then removed the matter on diversity grounds to this Court on April 25, 2017. Docket Entry 1. The parties initially requested a stay of the litigation to permit them to explore settlement. Docket Entry 13, 17. When the parties were unable to resolve the matter on their own, the Court referred the parties to mediation. Docket Entry 24. Several mediation sessions were scheduled, but Plaintiff failed to appear. Then, on December

11, 2017, Plaintiff's counsel "advised the Court that any attempt to mediate would be futile" and requested the matter return to litigation.  Docket Entry 32.

After Plaintiff failed to appear in Court on March 29, 2018, the Court gave Chase leave to file a Motion to Dismiss for failure to prosecute the case.  Docket Entry 46.  After Chase filed its Motion to Dismiss on April 5, 2018, Docket Entry 50, Plaintiff reappeared on April 18, 2018 with new counsel.  Docket Entry 53.  Chase's Motion to Dismiss for Lack of Prosecution was accordingly denied, and the parties continue to litigate this case.  Docket Entry 54.

## LEGAL STANDARD

"Summary judgment is appropriate when there is no genuine issue as to any material fact and thus the moving party is entitled to judgment as a matter of law." *Comeau v. Town of Webster, Mass.*, No. 11-40208-TSH, 2014 WL 1330850, *3 (D. Mass. Mar. 31, 2014).  It is the moving party's responsibility to identify the portions of the record which it believes demonstrate the absence of such a genuine issue.  *Id.*  However, a moving defendant need not "disprove" each element of the plaintiff's case.  It may show that it is entitled to summary judgment by either offering disproving evidence *or* by "demonstrating an absence of evidence to support the non-moving party's case." *Id.* (quoting *Rakes v. U.S.*, 352 F. Supp. 2d 47, 52 (D. Mass. 2005)).  This is done by "pointing out to the district court" the absence of such evidence.  See *In re Dunn*, 2007 WL 8027259, *3 (D. Mass. Feb. 27, 2007) (citations and internal quotations omitted). Once the defendant meets its initial burden to present undisputed material facts and/or demonstrate the absence of affirmative evidence to support the plaintiff's case, the burden shifts to the plaintiff to submit admissible evidence supporting its claims or defenses and show that there exists a genuine issue for trial.  *Id.* (citing Fed. R. Civ. P. 56(e) and *Celotex*, 477 U.S. at 324 (additional citations in string cite omitted)).  If a nonmoving plaintiff cannot produce

5

evidence sufficient to show that there exists a genuine issue of material fact for trial, the movant defendant is entitled to summary judgment. *Id.*

If the movant meets his burden, the non-moving party "may not rest upon mere allegation or denials of his pleading," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), but "must, with respect to each issue on which [he] would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in [his] favor," *Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 5 (1st Cir. 2010). "As a general rule, that requires the production of evidence that is 'significant[ly] probative.'" *Id.* (quoting *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505) (alteration in original). See Rivera-Colón v. Mills, 635 F.3d 9, 12 (1st Cir. 2011) (noting that "[u]nsupported allegations and speculation do not demonstrate either entitlement to summary judgment or the existence of a genuine issue of material fact sufficient to defeat summary judgment"). To show that a factual dispute does exist, a party cannot rely on "improbable inferences, conclusory allegations, or rank speculation." *Fontánez-Núñez v. Janssen Ortho LLC*, 447 F.3d 50, 54-55 (1st Cir. 2006) (internal quotation marks and citation omitted). As the Supreme Court has emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986) (footnote omitted).

Further, the factual dispute cannot be one manufactured by the non-moving party. *Haven Real Estate Grp., LLC v. Bell Atl. Mobile of Massachusetts Corp., Ltd.*, 236 F. Supp. 3d 454, 461 (D. Mass. 2017) (It is settled that an interested witness cannot generate a factual dispute to

prevent summary judgment.) (citing *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 20 (1st Cir. 2000)).  If a witness attempts to prevent summary judgment by contradicting previous "clear answers to unambiguous questions" without explanation, the latter testimony will be disregarded. *Id*. (quoting *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4–5 (1st Cir. 1994)).  When evaluating contradictory testimony, courts are not obliged to accept as true or to deem as a disputed material fact[ ] each and every unsupported, subjective, conclusory, or imaginative statement made to the Court by a party.  *Garcia v. Bristol–Myers Squibb Co.*, 535 F.3d 23, 33, n.5 (1st Cir. 2008) (quoting *Torrech–Hernández v. Gen. Elec. Co.*, 519 F.3d 41, 47 (1st Cir.2008)).  Furthermore, if a contradictory statement is made only after a summary judgment motion is filed, the "chronology [is] probative of the fact that the non-movant was merely attempting to create an issue of fact."  *Orta–Castro v. Merck, Sharp & Dohme Quimica P.R., Inc.*, 447 F.3d 105, 110 (1st Cir. 2006)."

**ARGUMENT**

I. **THERE IS NO EVIDENCE WHICH WOULD ENABLE PLAINTIFF TO ESTABLISH A PRIMA FACIE CASE FOR BREACH OF CONTRACT OR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING.**

A. <u>Breach of Contract</u>

Plaintiff cannot prevail on a claim for breach of contract as a matter of law.  Under Massachusetts law, a plaintiff must "demonstrate that there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result."  *Bulwer v. Mount Auburn Hosp.*, 473 Mass. 672, 690 (2016) (citing *Singarella v. Boston,* 342 Mass. 385, 387, 173 N.E.2d 290 (1961)).  Plaintiff's

claim fails on two prongs: first, he was unable to perform his part of the contract; and second, Chase never breached the contract by "cancelling" it.

Here, record evidence—including Plaintiff's own admissions—establishes that Plaintiff was never "ready, willing, and able" to perform under the 2014 Loan Modification and, in fact, failed to make payments almost immediately after entering into the agreement. Plaintiff's failure to make these payments is undisputed. As such, Plaintiff's initial breach, which occurred before the alleged "cancellation" of the contract precludes Plaintiff from maintaining a successful action for breach of contract.

Moreover, despite the vague, contradictory, and wholly unsupported allegations Plaintiff makes that Chase "cancelled" the mortgage, there is simply no evidence to support that. That is, of course, because Chase never cancelled the mortgage. Facts ¶ 25. Plaintiff cannot produce any document or other reliable source of evidence which supports his suspicious claim that Chase simply "cancelled" a contract which required Plaintiff to make regular payments for decades.

    B. <u>Breach of the Covenant of Good Faith and Fair Dealing</u>

Just as Plaintiff's claim for breach of contract must be rejected, so too must his related claim for a breach of the covenant of good faith and fair dealing. The covenant of good faith and fair dealing requires that "neither party shall do anything that will have the effect of destroying or injuring the right of the other party to the fruits of the contract." *T.W. Nickerson, Inc. v. Fleet Nat. Bank*, 456 Mass. 562, 570 (2010) (citation omitted) (internal quotation marks omitted). In order to prevail, a plaintiff must "present [ ] evidence of bad faith or an absence of good faith." *Id.* at 574; *see also id.* at 570 ("There is no requirement that bad faith be shown; instead, the

plaintiff has the burden of proving a lack of good faith."); *Liss v. Studeny*, 450 Mass. 473, 476-77 n. 3 (2008) (same).

Here, Plaintiff cannot point to any evidence that Chase acted in bad faith. To the contrary, Chase entered into the 2014 Loan Modification which granted Plaintiff more favorable loan terms. All Plaintiff needed to do was make his regular payments. Instead, Plaintiff failed to make regular payments, and stopped making payments completely in July of 2015. There is no evidence in the record which supports any action by Chase which can be considered to be in bad faith, or to lack good faith. Accordingly, Plaintiff's claim must fail.

## II.    PLAINTIFF'S CLAIM FOR PROMISSORY ESTOPPEL, IN THE ALTERNATIVE, IS WHOLLY WITHOUT MERIT.

Count II of the Complaint sounds in promissory estoppel as an alternative to Count I. Under Massachusetts law, to state a claim for promissory estoppel "a plaintiff must allege that (1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." *MacKenzie v. Flagstar Bank, FSB*, 738 F.3d 486, 496 (1st Cir. 2013). In his Complaint, Plaintiff alleges that the 2014 Loan Modification "was intended to induce Plaintiff to rely on it and make monthly payments." *Complaint* at ¶ 33. The problem, however, is that Plaintiff did not make the monthly payments he agreed to make. Chase remained willing to accept the money it was owed, and even sent correspondence to Plaintiff to advise him that his payments were past due. Facts ¶ __. Plaintiff chose not to cure his default. As such, Plaintiff cannot point to any promise by Chase that Plaintiff could have reasonably relied on to his detriment. Plaintiff's claim for promissory estoppel is frivolous both on the law and the facts, and it should be dismissed with prejudice.

9

### III. CHASE HAS STANDING TO FORECLOSE.

Count Three of the Complaint alleges that Chase lacks standing to foreclose on the Mortgage. Plaintiff offers two reasons to support this claim. First, Plaintiff alleges that the 2013 Assignment is void. Second, Plaintiff alleges that the 2017 Affidavit of Nicole Smiley contains false information. Plaintiff's claim must fail, however, as his allegations are patently at odds with established law, and lack any factual evidence which supports these claims.

1. <u>The 2013 Assignment is not "void" but rather is entitled to a statutory presumption of validity</u>.

Plaintiff alleges that the 2013 Assignment is "void" and, therefore, Chase is not a valid mortgagee. This contention is at odds with the evidence, however, which demonstrate that the 2013 Assignment is presumptively valid.

Under Massachusetts law, an assignment of mortgage is presumptively valid when it meets the requirements of Mass. Gen. Laws ch. 183, § 54B. This statute provides in pertinent part:

> [An] assignment of mortgage ... if executed before a notary public, ... by a person purporting to hold the position of ... vice president ... of the entity holding such mortgage, or otherwise purporting to be an authorized signatory for such entity ... shall be binding upon such entity and shall be entitled to be recorded....

*Id.* See also, *Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282, 294 (1st Cir. 2013) (concluding assignment to be valid, leading to a proper foreclosure sale). Here, the 2013 Assignment meets all of the statutory requirements: it is notarized and executed by a person purporting to be a vice president of MetLife. The assignment was duly recorded in the Northern Bristol Registry of Deeds on June 6, 2013. Therefore, the 2013 Assignment is valid.

2. <u>Massachusetts law does not require a power of attorney to be recorded prior to the recording of an assignment of mortgage</u>.

Despite the prima facie validity of the 2013 Assignment, Plaintiff alleges that the 2013 Assignment "is void because it fails to comply with the mandatory language of M.G.L. Chapter 184 § 4 requiring a Power of Attorney to be recorded prior to the assignment." Complaint at ¶ 40. This assertion is incorrect; there is no such statutory requirement. Similarly, Plaintiff's reliance on *Ramos vs. Jones*, Mass. Land Ct., No. 13 MISC 479025 AHS (Feb. 12, 2015), 2015 WL 653260 at 4, n.7, is equally misplaced. Nothing in the *Ramos* opinion supports Plaintiff's claim. Plaintiff cannot point to any statute, rule, or case which entitles him to relief under this theory. Accordingly, Plaintiff's claim fails as a matter of law.

3. <u>There is no "false" information in the affidavit of Nicole Smiley</u>.

Plaintiff next claims that Chase lacks standing to foreclose due to an affidavit of Nicole Smiley, a Chase employee, containing purportedly false information. According to the Plaintiff, Smiley's Affidavit is "false" because "it states that Chase is the holder of the [Note] when in fact the [Note] is held by [Fannie Mae]." *Complaint* at ¶ 45. Contrary to Plaintiff's allegations, the Smiley Affidavit makes no such statement. Instead, the affidavit states that:

> [✓] Based on my review of the business records of Chase, I certify that as of this date, JPMorgan Chase Bank, National Association is authorized by the holder of the promissory note secured by the above Mortgage to conduct the foreclosure sale.

Appendix at **Exhibit Q**, *Affidavit of Nicole Smiley* at 2. Thus, Smiley correctly states that Chase is authorized by the holder of the Note to conduct the foreclosure sale. This information is consistent with Chase's representation that it has serviced the mortgage loan since 2013. Indeed, in Chase's February 27, 2017 letter to Plaintiff, Chase specifically identified itself as servicing Plaintiff's loan on behalf of Fannie Mae. Facts ¶ 26.

11

Smiley's affidavit is executed under oath, and is entitled to a presumption of validity. Plaintiff cannot produce any evidence to challenge the truth of Smiley's affidavit. Where the supposed falsity in the recorded affidavit is non-existent, so too is the viability of Plaintiff's claim that Chase lacks standing to foreclose on the mortgage. Plaintiff's claims relating to Chase's standing are frivolous on both the law and the facts. Accordingly, Chase is entitled to judgment as a matter of law.

## IV.     PLAINTIFF LACKS STANDING TO MAINTAIN A QUIET TITLE ACTION.

Chase is entitled to summary judgment on Count IV of the Complaint wherein Plaintiff asserts a claim to quiet title. Plaintiff's claim fails as a matter of law where he lacks standing to bring a quiet title action pursuant to M.G.L. Chapter 240, Section 6. Under Massachusetts law, "quiet title action 'cannot be maintained unless both actual possession and the legal title are united in the plaintiff.'" *Rezende v. Ocwen Loan Servicing, LLC*, 869 F.3d 40, 43 (1st Cir. 2017) (quoting *Daley v. Daley*, 300 Mass. 17, 14 N.E.2d 113, 116 (1938)).

As a title theory state, "a 'mortgage splits the title in two parts: the legal title, which becomes the mortgagee's, and the equitable title, which the mortgagor retains.'" *Bevilacqua v. Rodriguez*, 460 Mass. 762, 955 N.E.2d 884, 894 (2011) (quoting *Maglione v. BancBoston Mortg. Corp.*, 29 Mass.App.Ct. 88, 557 N.E.2d 756, 757 (1990)). Therefore, "a plaintiff cannot maintain a quiet title action unless she has both actual possession of and legal title to the property." *Ayer vs. U.S. Bank, N.A.*, D. Mass., No. CIV. 12-10981-NMG (Oct. 30, 2012). Under the "title theory," a Massachusetts mortgagor does "not hold legal title to the [p]roperty until they have repaid their loan debt in full." *Id.* Accordingly, a "quiet title action is not appropriate for a mortgagor whose debt is in arrears because, until the mortgage is discharged, the title necessarily remains under a cloud." *Id.*

In the case at bar, Plaintiff has been in nearly constant default on the mortgage loan since he executed the 2014 Loan Modification. While plaintiff may have actual possession, he does not have legal title to the Property. Therefore, Plaintiff cannot prevail on an action to quiet title where he failed to remain current on his mortgage and does not make any use and occupancy payments despite holding over on the Property since the foreclosure sale. See *Flores v. OneWest Bank, F.S.B.*, 172 F. Supp. 3d 391, 396–97 (D. Mass. 2016), S.C., 886 F.3d 160 (1st Cir. 2018). Count IV must be dismissed with prejudice and judgment should enter for Chase.

## V. PLAINTIFF IS NOT ENTITLED TO DECLARATORY JUDGMENT OR INJUNCTIVE RELIEF.

Through Count Five of the Complaint, Plaintiff asserts that he is entitled to declaratory and injunctive relief. *Complaint* at ¶¶ 46-52. Plaintiff does not claim any independent justification for this request for relief other than the claims he sets forth in Counts I through IV. Where Plaintiff is not entitled to relief on any of the prior counts, and where Chase is instead entitled to summary judgment on his claims, there is no legal basis for this Court to grant Plaintiff injunctive or declaratory relief. See *Soto-Padro v. Pub. Bldgs. Auth.*, 675 F.3d 1, 8–9 (1st Cir. 2012) ("Another problem dooms both the injunction and the declaratory-judgment arguments, actually: because the judge . . . correctly tossed the [plaintiff's other] claims on summary judgment" there remains "no basis for any relief at all against the defendants, let alone declaratory and injunctive relief.") Consequently, Count V must be rejected and dismissed with prejudice.

## CONCLUSION

WHEREFORE, Chase respectfully requests that this Honorable Court:

    A.    Enter an Order granting Chase's Motion for Summary Judgment;

B. Dismiss with prejudice all claims against Chase contained in Plaintiff's Complaint; and

D. Award Chase any and all other relief as this Honorable Court deems just and proper.

Respectfully submitted,

**PARKER IBRAHIM & BERG LLP**
*Attorneys for Defendant,*
JPMorgan Chase Bank, N.A.,

*/s/ Matthew J. Libby*
Matthew J. Libby, Esq., BBO# 669925
One Financial Center, 15th Floor
Boston, MA 02111
Phone: 617.918.7600
Facsimile: 617.918.7878
Email: matthew.libby@piblaw.com

Date:   October 5, 2018

## CERTIFICATE OF SERVICE

I hereby certify that, on this 5th day of October 2018, the foregoing document was filed through the CM/ECF system. The document will be sent electronically to the registered participants, and paper copies will be served via first class mail on those indicated as non-registered participants.

                                                  */s/ Matthew J. Libby*
                                                  Matthew J. Libby

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I, Matthew J. Libby, hereby certify that, prior to filing the instant motion, I contacted Plaintiff in order to confer in good faith to resolve or narrow the issues raised herein.

                                                  */s/ Matthew J. Libby*
                                                  Matthew J. Libby